## Case No. 9,787.

### MORAN v. STRAUSS et al.

[6 Ben. 249.] [1]

District Court, S. D. New York. Nov., 1872.

MORTGAGE—BY CORPORATION—REAL AND PERSONAL PROPERTY—CONSENT OF STOCKHOLDERS.

1. A corporation, incorporated under the general manufacturing law of the state of New York, executed a mortgage on real and personal property, and an assignment of two patents, as security for moneys due to the mortgagees from the company. The consent of two-thirds of the stockholders to the mortgage of the real estate was given. The holder of seventy-five shares, whose signature made up the two-thirds, had bought them at a sale ordered by the board of trustees, the stock having been held by two of the trustees, for the benefit of the stockholders. The purchaser of the shares at this sale, which was on credit, was a trustee. The sale was approved by the board. The assignee in bankruptcy of the company filed a bill to set aside the mortgage and assignment: *Held*, that the mortgage was consented to by two-thirds of the stockholders, and its consideration was advanced in good faith.

2. No consent was necessary to the mortgaging of the personal property, or the assignment of the patents.

3. The mortgage and the assignment could not be set aside, but must be regarded as security for the moneys due from the company to the defendants at the time, and moneys advanced by the defendants on the faith of them.

The plaintiff in this action filed this bill to set aside a mortgage. The bill alleged that, on March 19th, 1869, the Columbian Metal Works filed a petition in voluntary bankruptcy, and were adjudged bankrupt, and the plaintiff [James H. Moran] was appointed assignee; that the bankrupts were a corporation incorporated under the general manufacturing law of the state of New York, and were the owners of real estate in Morrisania, New York, and also of personal property, among which were two patents; that, on August 30th, 1867, they executed to the defendants a mortgage on all the real and personal property, except the patents, and also assigned to them the patents; that both the mortgage and the assignment were void under the laws of New York; that the money purporting to be the consideration

---

[1] [Reported by Robert D. Benedict. Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.].

of them was not paid, and the company was insolvent, and the written consent of the stockholders owning two-thirds of the stock was not obtained, inasmuch as seventy-five shares, purporting to be owned by one Freeman, one of the trustees of the company, who gave his assent to the mortgage, really belonged to the company; that the defendants [David Strauss and others] had foreclosed the mortgage by suit in a state court, in which the company had allowed a decree to be entered. The defendants answered, denying in substance the allegations of the bill, except as to the facts of the bankruptcy, the execution of the mortgage and assignment, and the decree of foreclosure.

W. H. Arnoux, for complainant.
J. M. Van Cott, for defendants.

BLATCHFORD, District Judge. In this case I have arrived at the following conclusions:

(1.) The petition in bankruptcy having been filed March 19th, 1869, the title of the assignee relates back to that date, and the decree of foreclosure made on the 20th of March, 1869, in a suit to which he was not a party, is of no effect to prejudice his rights.

(2.) If the mortgage was unauthorized and void, as being ultra vires, it was such a fraud on the general creditors of the corporation, that the plaintiff can impeach it.

(3.) The holders of two-thirds of the stock consented to the mortgage. The 75 disputed shares belonged to Pirsson, as surviving trustee. They had been originally lawfully issued as full paid stock, and passed from the parties to whom they were issued, and went into the hands of Pirsson and Freeman, as trustees, as working capital, for the benefit of the stockholders, to be disposed of under the direction of the board of trustees, in such manner as they should deem for the best interests of the company. Freeman had died. A sale of the 75 shares, on credit, to H. O. Freeman, was a lawful sale. It was approved by the board. It was made in good faith, according to the testimony. Even if the 75 shares could not be represented by H. O. Freeman, the consent of Pirsson, and of the other four members of the board of trustees was given to the mortgage, and so the 75 shares, as represented by Pirsson, or by the individuals composing the board, must be counted among the consenting shares.

(4.) The defendants, at the time the mortgage was given, owned only 28 shares, not enough to make the two-thirds, if the 75 shares be excluded.

(5.) The consideration of the mortgage, so far as appears, was advanced by the defendants in good faith, and went to the uses of the corporation.

(6.) The mortgage is not impeached as being in violation of the bankruptcy act [of 1867 (14 Stat. 517)].

(7.) Construing the consent as applying only to a mortgage of the real estate, no consent was necessary to enable the corporation to mortgage the personal property, or to assign the patents. The mortgage did not cover the patents. They were assigned by a separate instrument, and, even though it be taken that they were really assigned only as security, yet the corporation had power by law to convey its personal property, which power includes the power to mortgage, or to transfer as security. A mortgage is none the less a conveyance because it is defeasible. The greater includes the less, unless the less is expressly excluded.

(8.) The suit to set aside the mortgage wholly cannot be maintained, but it must be regarded as, together with the letters patent assigned, a security for such moneys, if any, as the corporation owed the defendants when the mortgage was given, and such moneys as the defendants paid for or advanced to the corporation on the faith of the mortgaged property and the patents. If it be doubtful whether such moneys, with interest, exceed the proceeds of the mortgaged property and of the patents, the amount due to the defendants must be ascertained on proof.

[See Case No. 3,039.]